1  Alexander Vago
   c/o 2441 Claremont Avenue
2  Hollywood, California
   Phone: 323-439-3199
3  Email:  alexholistic@gmail.com

4

5

6  **United States of America District Court**
   **Central District of California**

7  Alexander Vago,

8          Plaintiff,                       **CV13-0868** RSWL-RZx

9      v.                                   CASE No: _____
                                            Unlimited Civil
10 COUNTY OF LOS ANGELES;                   Dept.: _____
   GLORIA MOLINA, officially and individually;
11 MARK RIDLEY-THOMAS, officially and       **COMPLAINT FOR:**
   individually; ZEV YAROSLAVSKY, officially and  **FALSE IMPRISONMENT; FALSE**
12 individually; DON KNABE, officially and  **ARREST; ASSAULT UNDER COLOR**
   individually; MICHAEL D. ANTONOVICH,     **OF AUTHORITY; AGGRAVATED**
13 officially and individually; LOS ANGELES **ASSAULT BY FORCE LIKELY TO**
   COUNTY SHERIFF'S DEPARTMENT (LASD);      **CAUSE GREAT BODILY HARM**
14 SHERIFF LEROY D. BACA, officially and    **AND DEADLY WEAPONS;**
   individually; LASD LIEUTENANT MATTHEW    **BATTERY; EXCESSIVE USE OF**
15 SQUIRE, officially and individually; LASD **FORCE; GROSS MISCONDUCT;**
   SERGEANT DAN NAGELMANN, officially and   **INTENTIONAL INFLICTION OF**
16 individually; LASD DEPUTY BUNCH, officially **EMOTIONAL DISTRESS; ABUSE OF**
   and individually; LASD DEPUTY DUVALL,    **PROCESS; CONSPIRACY;**
17 officially and individually; LASD DEPUTY **UNLAWFUL SEARCH OF PRIVATE**
   SOLOMON, officially and individually; LASD **PROPERTY; UNLAWFUL SEIZURE**
18 DETECTIVE S. TAYLOR #460618, officially and **OF PRIVATE PROPERTY; FRAUD;**
   individually; LASD OFFICER ROYAL, officially **DEFAMATION; INVASION OF**
19 and individually; DISTRICT ATTORNEY'S    **PRIVACY; NEGLIGENCE;**
   OFFICE, COUNTY OF LOS ANGELES;           **NEGLIGENT SUPERVISION;**
20 DISTRICT ATTORNEY JACKIE LACEY,          **CONVERSION; FAILURE TO**
   officially and individually; DEPUTY DISTRICT **IMPLEMENT APPROPRIATE**
21 ATTORNEY GILBERT WRIGHT, officially and  **POLICIES, CUSTOMS AND**
   individually; DEPUTY DISTRICT ATTORNEY   **PRACTICES; and INFLICTION OF**
22 MARY STONE, officially and individually;  **CRUEL AND UNUSUAL**
   DEPUTY DISTRICT ATTORNEY KEVIN LIU,      **PUNISHMENT**
23 officially and individually; DEPUTY DISTRICT
   ATTORNEY OKSANA SIGAL, officially and
24 individually; and DOES 1 through 10, inclusive, **JURY TRIAL DEMANDED**

25          Defendants.

26 ─────────────────────────────

27

28
                          **COMPLAINT**

PAID

FEB - 7 2013

## PRELIMINARY STATEMENT

1.    This is an action for damages brought from violations of Plaintiff's inalienable rights, protected under the Fourth, Fifth, Eighth and Fourteenth Amendments to United States Constitution.

## JURISDICTION

2.    This court shall have original jurisdiction of this civil action arising under the Constitution.

3.    This court shall have original jurisdiction of this civil action authorized by law to be commenced by Plaintiff:

4.    To recover damages for injury to his person or property, or because of the deprivation of any right or privilege of a citizen of the United States, by any act done in furtherance of conspiracy;

5.    To recover damages from any person who fails to prevent or to aid in preventing any wrongs which he had knowledge were about to occur and power to prevent;

6.    To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States; and

7.    To recover damages and/or to secure equitable or other relief.

8.    Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any

1  rights, privileges, or immunities secured by the Constitution and laws, shall be

2  liable to the party injured in an action at law, suit in equity, or other proper

3  proceeding for redress.

4  9.  If two or more persons in any State conspire or go in disguise on the highway

5  or on the premises of another, for the purpose of depriving, either directly or

6
7  indirectly, any person or class of persons of the equal protection of the laws, or of

8  equal privileges and immunities under the laws; or for the purpose of preventing or

9  hindering the constituted authorities of any State from giving or securing to all

10  persons within such State the equal protection of the laws; if one or more persons

11  engaged therein do, or cause to be done, any act in furtherance of the object of such

12
13  conspiracy, whereby another is injured in his person or property, or deprived of

14  having and exercising any right or privilege of a citizen of the United States, the

15  party so injured or deprived may have an action for the recovery of damages

16  occasioned by such injury or deprivation, against any one or more of the

17  conspirators.

18  10.  The common law, so far as it is not inconsistent with the Constitution and

19  laws of the United States, shall be extended to and govern the court in the trial and

20
21  disposition of the cause.

22  **VENUE**

23

24  11.  Venue is proper in this judicial district. Some of the Defendants, if not all,

25  reside in this judicial district. Plaintiff is informed and believes that all Defendants

26  are residents of California. The substantial part of the events and omissions giving

27  rise to the claim occurred in greater Los Angeles.

28

**COMPLAINT**
3

## JUDICIARY

12.   Plaintiff convenes this court as a lawful judiciary, an Article III court, with the power and obligation to observe and protect the rights reserved by and for the people in the Constitution and to compare the facts of the case with the intended meaning of those rights, and not as an extension of legislature (Article I court, tax court, statutory court or tribunal).

13.   If this court is unable to fulfill its obligations as a lawful Article III judiciary by reason of legislative directive, condition of martial law rule, or any other reason, then this court shall inform the Parties hereto that the court does not have jurisdiction to hear this case and shall refer this case to an Article III court.

## PARTIES

14.   Plaintiff Alexander Vago (hereinafter "Plaintiff") is an individual, a people, and comes now in his own natural person. Plaintiff is domiciled at 2441 Claremont Avenue, Hollywood, California.

15.   Defendant COUNTY OF LOS ANGELES is and was at all times material to this complaint, a United States person created and operated to serve the people and is responsible for establishing policy to protect the rights of the people.

16.   The Defendant, GLORIA MOLINA (hereinafter "MOLINA"), is and was at all times material to this complaint, acting as the County of Los Angeles Board of Supervisors responsible for the operations of the COUNTY OF LOS ANGELES and oversight and restraint of the LOS ANGELES COUNTY SHERIFF'S DEPARTMENT and the DISTRICT ATTORNEY'S OFFICE, COUNTY OF LOS ANGELES. MOLINA is herein sued in her official and individual capacity.

17.   The Defendant, MARK RIDLEY-THOMAS (hereinafter "RIDLEY-THOMAS"), is and was at all times material to this complaint, acting as the County of Los Angeles Board of Supervisors responsible for the operations of the COUNTY OF LOS ANGELES and oversight and restraint of the LOS ANGELES COUNTY SHERIFF'S DEPARTMENT and the DISTRICT ATTORNEY'S OFFICE, COUNTY OF LOS ANGELES. RIDLEY-THOMAS is herein sued in his official and individual capacity.

18.   The Defendant, ZEV YAROSLAVSKY (hereinafter "YAROSLAVSKY"), is and was at all times material to this complaint, acting as the County of Los Angeles Board of Supervisors responsible for the operations of the COUNTY OF LOS ANGELES and oversight and restraint of the LOS ANGELES COUNTY SHERIFF'S DEPARTMENT and the DISTRICT ATTORNEY'S OFFICE, COUNTY OF LOS ANGELES.  YAROSLAVSKY is herein sued in his official and individual capacity.

19.   The Defendant, DON KNABE (hereinafter "KNABE"), is and was at all times material to this complaint, acting as the County of Los Angeles Board of Supervisors responsible for the operations of the COUNTY OF LOS ANGELES and oversight and restraint of the LOS ANGELES COUNTY SHERIFF'S DEPARTMENT and the DISTRICT ATTORNEY'S OFFICE, COUNTY OF LOS ANGELES. KNABE is herein sued in his official and individual capacity.

20.   The Defendant, MICHAEL D. ANTONOVICH (hereinafter "ANTONOVICH") is and was at all times material to this complaint, acting as the County of Los Angeles Board of Supervisors responsible for the operations of the

COUNTY OF LOS ANGELES and oversight and restraint of the LOS ANGELES COUNTY SHERIFF'S DEPARTMENT and the DISTRICT ATTORNEY'S OFFICE, COUNTY OF LOS ANGELES. ANTONOVICH is herein sued in his official and individual capacity.

21.   The Defendant, LOS ANGELES COUNTY SHERIFF'S DEPARTMENT (herein "LASD") is and was at all times material to this complaint, a United States person operated to serve the people and responsible for protecting the rights of the people of LOS ANGELES COUNTY.

22.   The Defendant, SHERIFF LEROY D. BACA (hereinafter "BACA") is and was at all times material to this complaint, an individual responsible for all operations, policies and procedures of the LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, operated to serve the people and responsible for protecting the rights of the people of LOS ANGELES COUNTY. BACA is herein sued in his official and individual capacity.

23.   The Defendant, LASD LIEUTENANT MATTHEW SQUIRE (hereinafter "SQUIRE") is and was at all times material to this complaint, an individual responsible for operations of the Malibu Sheriff's Station and responsible for protecting the rights of the people of LOS ANGELES COUNTY. SQUIRE is herein sued in his official and individual capacity.

24.   The Defendant, LASD SERGEANT DAN NAGELMANN (hereinafter "NAGELMANN") is and was at all times material to this complaint, an individual responsible for operations of the Malibu Sheriff's Station and responsible for

protecting the rights of the people of LOS ANGELES COUNTY. NAGELMANN is herein sued in his official and individual capacity.

25.   The Defendant, LASD DEPUTY BUNCH (hereinafter "BUNCH"), is and was at all times material to this complaint, acting in his capacity as a Peace Officer, sworn to protect the rights of the people, employed by the County of Los Angeles and was acting under color of state law. BUNCH is herein sued in his official and individual capacity.

26.   The Defendant, LASD DEPUTY DUVALL (hereinafter "DUVALL"), is and .was at all times material to this complaint, acting in his capacity as a Peace Officer, sworn to protect the rights of the people, employed by the County of Los Angeles and was acting under color of state law. DUVALL is herein sued in his official and individual capacity.

27.   The Defendant, LASD DEPUTY SOLOMON (hereinafter "SOLOMON"), is and was at all times material to this complaint, acting in his capacity as a Peace Officer, sworn to protect the rights of the people, employed by the County of Los Angeles and was acting under color of state law. SOLOMON is herein sued in his official and individual capacity.

28.   The Defendant LASD DETECTIVE S. TAYLOR #460618 (hereinafter "TAYLOR"), is and was at all times material to this complaint, acting in his capacity as a Peace Officer, sworn to protect the rights of the people, employed by the County of Los Angeles and was acting under color of state law. BUNCH is herein sued in his official and individual capacity.

29. The Defendant, LASD OFFICER ROYAL (hereinafter "ROYAL"), is and was at all times material to this complaint, acting in his capacity as a Peace Officer, sworn to protect the rights of the people, employed by the County of Los Angeles and was acting under color of state law. ROYAL is herein sued in his official and individual capacity.

30. The Defendant, DISTRICT ATTORNEY'S OFFICE, COUNTY OF LOS ANGELES (hereinafter "D.A.'S OFFICE"), is and was at all times material to this complaint, a United States person operated to serve the people and is responsible for protecting the rights of the people.

31. The Defendant, DISTRICT ATTORNEY JACKIE LACEY (hereinafter "LACEY") is and was at all times material to this complaint, an individual responsible for all operations of the D.A.'S OFFICE. LACY is herein sued in her official and individual capacity.

32. The Defendant, DEPUTY DISTRICT ATTORNEY GILBERT WRIGHT (hereinafter "WRIGHT") is and was at all times material to this complaint, an individual employed by the D.A.'S OFFICE. WRIGHT is herein sued in his official and individual capacity.

33. Defendant DEPUTY DISTRICT ATTORNEY MARY STONE (hereinafter "STONE") is and was at all times material to this complaint, an individual employed by the D.A.'S OFFICE. STONE is herein sued in her individual capacity.

34. Defendant DEPUTY DISTRICT ATTORNEY KEVIN LIU (hereinafter "LIU") is and was at all times material to this complaint, an individual employed by the D.A.'S OFFICE. LIU is herein sued in his individual capacity.

35. Defendant DEPUTY DISTRICT ATTORNEY OKSANA SIGAL (hereinafter "SIGAL") is and was at all times material to this complaint, an individual employed by the D.A.'S OFFICE. SIGAL is herein sued in his individual capacity.

36. Defendants DOES 1-10 are unknown and unnamed individuals and/or United States persons, and their addresses are unknown at this time.

37. By law, specifically Article XX Section 3 of the Constitution of the State of California, Defendants were required by oath of affirmation to support and defend Plaintiff's Constitutional rights when or where they claim to have jurisdiction over or official duties with the Plaintiff.

## GENERAL ALLEGATIONS

Plaintiff alleges the following:

38. Plaintiff's rights, including but not limited to his fundamental rights to due process of law and personal liberty and his right to be secure in his person and effects, were violated by the Defendants on May 15-18, 2011, and July 3-5, 2011, and ongoing to this day.

39. Defendants falsely arrested, falsely imprisoned, unlawfully searched, unlawfully seized private property, assaulted, threatened and battered Plaintiff, and Defendants did so knowingly, willfully, violently, without the grace or mercy requisite of law enforcement or, indeed, human beings, and in direct violation of Defendants' oath of office to uphold the United States Constitution and the California Constitution.

40.   Defendants made false accusations and manufactured fictitious criminal charges against Plaintiff, then prosecuted Plaintiff in an attempt to obfuscate their violations of the Plaintiff's rights.

41.   On or about 6:30 a.m. on May 15, 2011, the Plaintiff was lawfully a guest in the back seat of a car travelling through the Lost Hills area of Los Angeles County.

42.   The car in which Plaintiff was travelling was stopped by LASD deputies BUNCH and DUVALL, ostensibly for an alleged minor traffic infraction. The reason for the traffic stop is unclear and possibly without merit, given that no citation was issued for any alleged infraction and the driver ultimately went on his way in his car after Plaintiff's rights were repeatedly violated by the Defendants.

43.   DUVALL ordered the Plaintiff, while seated in the back seat of the car, to look away from him while DUVALL searched the car, without having consent from the owner of the car to do so.

44.   Plaintiff, who was merely a witness to the proceeding and not properly the subject of any police activity, owed no obligation to BUNCH to "look that way" as ordered and felt instead some obligation to witness the unlawful search, so he didn't look away.

45.   DUVALL then yelled the order a second time, "Look that way!" Plaintiff did nothing.

46.   DUVALL then yelled at the Plaintiff, "Do you speak English?!" Plaintiff said nothing.

47.   DUVALL then pulled himself out of the window and asked another

passenger, Jesse, who was outside the car in handcuffs, "Is there anything wrong

with him?"

48.   Jesse peered in the window and said, "Is everything OK?" Plaintiff

responded, "Everything's fine."

49.   On hearing Plaintiff's response, DUVALL leaned back in the window and

yelled "Look that way!" a third time. Plaintiff responded, "No."

50.   DUVALL said, "I'm gonna tase you!, and I'm gonna charge you."

51.   DUVALL went to his cruiser and returned with BUNCH, a taser and a stun

gun. BUNCH and DUVALL then proceeded to alternate attacks on the Plaintiff,

one with the taser and one with the stun gun, until the Plaintiff had been

electrocuted about 5 or 6 times in the head and neck. The Plaintiff, a spiritual man,

calmly accepted that his time may have come and entered a deep meditative state

throughout the assault, placing his apparently uncertain fate in God's hands.

52.   BUNCH and DUVALL left Plaintiff for a period of time. Then they returned

and, finding Plaintiff still seated in the back seat, began tasing and stunning him

again. They tased and stunned him until he began to lose consciousness and keeled

over in the back seat, convulsing in shock.

53.   One or both, DUVALL and/or BUNCH then grabbed Plaintiff's private

property, a messenger-style briefcase/shoulder bag, from Plaintiff's arms while

Plaintiff was only semi-conscious and unable to move. The messenger bag

contained business papers, nutritional supplements, his cell phone, his apartment

1  keys, and his wallet with credit cards, ID and approximately $1,400.00, which has
2  not been returned to this day.

3  54.    One or both, DUVALL and/or BUNCH then coated the Plaintiff's eyes at
4  immediate range with mace and/or pepper spray while Plaintiff was in shock, semi-
5  conscious and unable to move.

6
7  55.    Plaintiff could not move but could hear the deputies joking between them,
8  knowing he couldn't move: "Did you see him kick me?", etc. as one or both
9  proceeded to beat him with batons in feigned retaliation for the mock acts they
10  invented in their jokes. They beat him repeatedly in the head, the torso and the legs
11  with a baton or batons. The bruises and contusions sustained by Plaintiff were so
12  severe that the worst injuries did not disappear for several months after the
13  incident.
14

15  56.    Plaintiff was transported from the scene of the incident by ambulance to the
16  Santa Monica/UCLA Medical Center where he was examined and treated.

17  57.    Plaintiff was then transferred to the West Hills Hospital for a heart test
18  apparently unavailable in Santa Monica and apparently required by physicians to
19
20  know if he was likely to suffer a heart attack.

21  58.    Plaintiff was then transferred to the medical wing of LA County Jail where
22  DOE(S) 1-10 took the Plaintiff's picture and fingerprints. He was held in the
23  medical wing of LA County Jail for 2 days and then, with his eyes and wounds still
24  bleeding, moved to the general holding facility for a third day.
25

26  59.    The Plaintiff was held for 3 days without charge and without being brought
27  before a magistrate.

28

60.     The LASD released the Plaintiff without charges, without the Plaintiff appearing before a magistrate, claiming that the Plaintiff was merely "detained" and not actually "arrested". Imprisonment without taking the prisoner before a magistrate is definitive false imprisonment.

61.     The Plaintiff made contact with the LASD property custodian by phone with a person called GLORIA and made an appointment to retrieve his private property.

62.     On July 3, 2011 the Plaintiff arrived at the Malibu Sheriff's station for a scheduled appointment at a scheduled time, 2:00pm, to retrieve his private property.

63.     When the Plaintiff arrived, ROYAL commanded SOLOMON and DOES 1-10 to cuff him and take him into custody. ROYAL stated there was a warrant, though he did not show the warrant. Plaintiff knew nothing of the warrant and has still never seen evidence of it or its contents.

64.     On information and belief, Plaintiff alleges that DUVALL and BUNCH filed false reports against the Plaintiff in an attempt to cover up their unlawful conduct of May 15, 2011. These reports have created subsequent criminal proceedings against Plaintiff, and he is now facing imprisonment for the fraudulent charges BUNCH and DUVALL fabricated to cover up their conduct.

65.     The Plaintiff was again held by the LASD for 3 days in LA County Jail without being presented with a warrant or bona fide claim.

66.     On July 3, 2011, the Plaintiff was arraigned at Los Angeles Airport Court.

67. The COUNTY OF LOS ANGELES is now prosecuting the Plaintiff for BUNCH and DUVALL's bogus charges: alleged assault on an officer and alleged possession of a controlled substance with intent to sell.

68. The Defendants are conspiring to deprive the Plaintiff of his rights through a concert of action of fraud and complicity to the violations of the Plaintiff's rights by the LASD.

## FIRST CAUSE OF ACTION

### False Imprisonment

69. Plaintiff realleges and incorporates herein by reference the allegations set forth in Paragraphs 1-68 of this complaint.

70. Defendants BUNCH, DUVALL, TAYLOR, COUNTY OF LOS ANGELES, LASD, BACA, SQUIRE, NAGELMANN, MOLINA, RIDLEY-THOMAS, YAROSLAVSKY, KNABE, ANTONOVICH and DOES 1-10 breached a duty of care owed to the Plaintiff not to unlawfully arrest, bear false witness, or falsely imprison, cause physical harm or injury except to the extent allowed by the Constitution of the United States and the Constitution of California.

71. On 15 May 2011, Defendants arrested Plaintiff without a warrant, felony or breach of the peace, and imprisoned Plaintiff for three (3) days. In doing so, Defendants committed false imprisonment.

72. Plaintiff was held without any attempt to bring Plaintiff before a magistrate. This too is false imprisonment. As the imprisonment is a matter of record and

prima facie evidence, the burden of proof regarding lawfulness of the imprisonment lies with Defendants.

73.    In committing the acts complained of herein, Defendants acted under color of state law to deprive Plaintiff as alleged herein of certain constitutionally protected rights including, but not limited to: a) the right to be free from unreasonable searches and seizures; b) the right not to be deprived of liberty without due process of law; c) the right not to be deprived of property without due process of law; d) the right to be free from excessive use of force by persons acting under color of state law; e) the right to be free from being subjected to cruel and unusual punishment; and f) the right to just compensation for taking of property. For these acts the Plaintiff is entitled to relief.

## SECOND CAUSE OF ACTION

### False Imprisonment

74.    Plaintiff realleges and incorporates herein by reference the allegations set forth in Paragraphs 1-73 of this complaint.

75.    Plaintiff avers that the actions of the Defendants, BUNCH, DUVALL, TAYLOR, ROYAL, SOLOMON, COUNTY OF LOS ANGELES, LASD, BACA, SQUIRE, NAGELMANN, MOLINA, RIDLEY-THOMAS, YAROSLAVSKY, KNABE, ANTONOVICH and DOES 1-10 breached a duty of care owed to the Plaintiff not to unlawfully arrest, bear false witness, or falsely imprison, cause physical harm or injury except to the extent allowed by the Constitution of the United States and the Constitution of California.

76.   On 3 July 2011, Defendants arrested Plaintiff and imprisoned Plaintiff for three (3) days again. In doing so, Defendants committed false imprisonment. As the imprisonment is a matter of record and prima facie evidence, the burden of proof regarding lawfulness of the imprisonment lies with Defendants.

77.   In committing the acts complained of herein, Defendants acted under color of state law to deprive Plaintiff as alleged herein of certain constitutionally protected rights including, but not limited to: a) the right to be free from unreasonable searches and seizures; b) the right not to be deprived of liberty without due process of law; c) the right not to be deprived of property without due process of law; d) the right to be free from excessive use of force by persons acting under color of state law; e) the right to be free from being subjected to cruel and unusual punishment; and f) the right to just compensation for taking of property. For these acts the Plaintiff is entitled to relief.

### THIRD CAUSE OF ACTION

#### False Arrest

78.   Plaintiff realleges and incorporates herein by reference the allegations set forth in Paragraphs 1-77 of this complaint.

79.   Plaintiff avers that the actions of the Defendants, BUNCH, DUVALL, COUNTY OF LOS ANGELES, LASD, BACA, SQUIRE, NAGELMANN, MOLINA, RIDLEY-THOMAS, YAROSLAVSKY, KNABE, ANTONOVICH and DOES 1-10 breached a duty of care owed to the Plaintiff not to unlawfully arrest, bear false witness, or falsely imprison, cause physical harm or injury except to the extent allowed by the Constitution of the United States and the Constitution of

California.

80.     On 15 May 2011, Defendants arrested Plaintiff, without warrant, and imprisoned Plaintiff without any attempt to bring Plaintiff before a magistrate. In doing so, Defendants committed false arrest. As the arrest is a matter of record and prima facie evidence, the burden of proof regarding lawfulness of the arrest lies with Defendant.

81.     In committing the acts complained of herein, Defendants acted under color of state law to deprive Plaintiff as alleged herein of certain constitutionally protected rights including, but not limited to: a) the right to be free from unreasonable searches and seizures; b) the right not to be deprived of liberty without due process of law; c) the right not to be deprived of property without due process of law; d) the right to be free from excessive use of force by persons acting under color of state law; e) the right to be free from being subjected to cruel and unusual punishment; and f) the right to just compensation for taking of property. For these acts the Plaintiff is entitled to relief.

## **FOURTH CAUSE OF ACTION**

### **False Arrest**

82.     Plaintiff realleges and incorporates herein by reference the allegations set forth in Paragraphs 1-81 of this complaint.

83.     Plaintiff avers that the actions of the Defendants, BUNCH, DUVALL, TAYLOR, ROYAL, SOLOMON, COUNTY OF LOS ANGELES, LASD, BACA, SQUIRE, NAGELMANN, MOLINA, RIDLEY-THOMAS, YAROSLAVSKY, KNABE, ANTONOVICH and DOES 1-10 breached a duty of care owed to the

Plaintiff not to unlawfully arrest, bear false witness, or falsely imprison, cause physical harm or injury except to the extent allowed by the Constitution of the United States and the Constitution of California.

84.    On 3 July 2011, Defendants arrested Plaintiff, without evidence of a warrant and without Plaintiff having any knowledge or notice that a warrant may exist.

85.    Defendants imprisoned Plaintiff for three (3) days again. In doing so, Defendants committed false arrest. As the arrest is a matter of record and prima facie evidence, the burden of proof regarding lawfulness of the arrest lies with Defendant.

86.    In committing the acts complained of herein, Defendants acted under color of state law to deprive Plaintiffs as alleged herein of certain constitutionally protected rights including, but not limited to: a) the right to be free from unreasonable searches and seizures; b) the right not to be deprived of liberty without due process of law; c) the right not to be deprived of property without due process of law; d) the right to be free from excessive use of force by persons acting under color of state law; e) the right to be free from being subjected to cruel and unusual punishment; and f) the right to just compensation for taking of property. For these acts the Plaintiff is entitled to relief.

## **FIFTH CAUSE OF ACTION**

### **Assault Under Color of Authority**

87.    Plaintiff realleges and incorporates herein by reference the allegations set forth in Paragraphs 1-87 of this complaint.

88.    Plaintiff avers that the actions of the Defendants, BUNCH, DUVALL,

COUNTY OF LOS ANGELES, LASD, BACA, SQUIRE, NAGELMANN, MOLINA, RIDLEY-THOMAS, YAROSLAVSKY, KNABE, ANTONOVICH and DOES 1-10 breached a duty of care owed to the Plaintiff not to unlawfully arrest, bear false witness, or falsely imprison, cause physical harm or injury except to the extent allowed by the Constitution of the United States and the Constitution of California.

89.     On 15 May 2011, Defendants BUNCH and DUVALL did intentionally conduct verbal, emotional and severe physical assaults with weapons upon the Plaintiff under color of authority.

90.     All other named Defendants are so named for allowing and encouraging the assault through policy, management, supervision, training, etc. and failure to prevent such preventable action by their policies, management, supervision, training and the like.

91.     In committing the acts complained of herein, Defendants acted under color of state law to deprive Plaintiff as alleged herein of certain constitutionally protected rights including, but not limited to: a) the right to be free from unreasonable searches and seizures; b) the right not to be deprived of liberty without due process of law; c) the right not to be deprived of property without due process of law; d) the right to be free from excessive use of force by persons acting under color of state law; e) the right to be free from being subjected to cruel and unusual punishment; and f) the right to just compensation for taking of property. For these acts the Plaintiff is entitled to relief.

## SIXTH CAUSE OF ACTION

## Aggravated Assault by Force Likely to Cause Great Bodily Harm and Deadly Weapons

92.    Plaintiff realleges and incorporates herein by reference the allegations set forth in Paragraphs 1-91 of this complaint.

93.    Plaintiff avers that the actions of the Defendants, BUNCH, DUVALL, COUNTY OF LOS ANGELES, LASD, BACA, SQUIRE, NAGELMANN, MOLINA, RIDLEY-THOMAS, YAROSLAVSKY, KNABE, ANTONOVICH and DOES 1-10 breached a duty of care owed to the Plaintiff not to unlawfully arrest, bear false witness, or falsely imprison, cause physical harm or injury except to the extent allowed by the Constitution of the United States and the Constitution of California.

94.    On 15 May 2011, Defendants BUNCH and DUVALL did intentionally assault Plaintiff with weapons, including stun gun, taser, pepper spray and batons, with the likelihood and intention of causing great bodily harm.

95.    The Defendants BUNCH and DUVALL joked about it as they did it. Their victim, the Plaintiff, could not move and did not move as they stunned, tased, maced and beat him senselessly with batons. As the arrest and medical treatments are matters of record and prima facie evidence, the burden of proof regarding lawfulness of the Defendants' actions lies with the Defendants.

96.    All other named Defendants are so named for allowing and encouraging the assault through policy, management, supervision, training, etc. and failure to

1  prevent such preventable action by their policies, management, supervision,
2  training and the like.

3  97.   In committing the acts complained of herein, Defendants acted under color of
4  state law to deprive Plaintiffs as alleged herein of certain constitutionally protected
5  rights including, but not limited to: a) the right to be free from unreasonable
6
7  searches and seizures; b) the right not to be deprived of liberty without due process
8  of law; c) the right not to be deprived of property without due process of law; d) the
9  right to be free from excessive use of force by persons acting under color of state
10  law; e) the right to be free from being subjected to cruel and unusual punishment;
11  and f) the right to just compensation for taking of property. As a direct and
12
13  proximate result of the acts of the Defendants, the Plaintiff suffered physical and
14  mental injuries and is entitled to relief.

15  **SEVENTH CAUSE OF ACTION**

16  **Battery**

17  98.   Plaintiff realleges and incorporates herein by reference the allegations set
18  forth in Paragraphs 1-97 of this complaint.
19
20  99.   Plaintiff avers that the actions of the Defendants, BUNCH, DUVALL,
21  COUNTY OF LOS ANGELES, LASD, BACA, SQUIRE, NAGELMANN,
22  MOLINA, RIDLEY-THOMAS, YAROSLAVSKY,KNABE, ANTONOVICH and
23  DOES 1-10 breached a duty of care owed to the Plaintiff not to unlawfully arrest,
24  bear false witness, or falsely imprison, cause physical harm or injury except to the
25  extent allowed by the Constitution of the United States and the Constitution of
26
27  California.

28

100. On 15 May 2011, Defendants BUNCH and DUVALL did intentionally inflict severe physical injuries upon the Plaintiff with weapons, including stun gun, taser, pepper spray and batons.

101. Defendants committed battery. The arrest and medical treatment are a matter of record and prima facie evidence.

102. All other named Defendants are so named for allowing and encouraging the battery through policy, management, supervision, training, etc. and failure to prevent such preventable action by their policies, management, supervision, training and the like.

103. In committing the acts complained of herein, Defendants acted under color of state law to deprive Plaintiff as alleged herein of certain constitutionally protected rights including, but not limited to: a) the right to be free from unreasonable searches and seizures; b) the right not to be deprived of liberty without due process of law; c) the right not to be deprived of property without due process of law; d) the right to be free from excessive use of force by persons acting under color of state law; e) the right to be free from being subjected to cruel and unusual punishment; and f) the right to just compensation for taking of property. As a direct and proximate result of the acts of the Defendants, the Plaintiff suffered physical and mental injuries and is entitled to relief.


## EIGHTH CAUSE OF ACTION

### Excessive Use of Force

104. Plaintiff realleges and incorporates herein by reference the allegations set

forth in Paragraphs 1-103 of this complaint.

105.  Plaintiff avers that the actions of the Defendants, BUNCH, DUVALL, COUNTY OF LOS ANGELES, LASD, BACA, SQUIRE, NAGELMANN, MOLINA, RIDLEY-THOMAS, YAROSLAVSKY, KNABE, ANTONOVICH and DOES 1-10 breached a duty of care owed to the Plaintiff not to unlawfully arrest, bear false witness, or falsely imprison, cause physical harm or injury except to the extent allowed by the Constitution of the United States and the Constitution of California.

106.  On 15 May 2011, Defendants BUNCH and DUVALL attacked the Plaintiff with weapons, including stun gun, taser, pepper spray and batons without provocation or just cause.

107.  Defendants BUNCH and DUVALL used excessive force, since the Plaintiff did not move or even raise his voice. As the arrest and medical treatment are a matter of record and prima facie evidence, the burden of proof regarding lawfulness of the use of force lies with Defendants.

108.  All other named Defendants are so named for allowing and encouraging the excessive use of force through policy, management, supervision, training, etc. and failure to prevent such preventable action by their policies, management, supervision, training and the like.

109.  In committing the acts complained of herein, Defendants acted under color of state law to deprive Plaintiff as alleged herein of certain constitutionally protected rights including, but not limited to: a) the right to be free from unreasonable searches and seizures; b) the right not to be deprived of liberty without due process

of law; c) the right not to be deprived of property without due process of law; d) the right to be free from excessive use of force by persons acting under color of state law; e) the right to be free from being subjected to cruel and unusual punishment; and f) the right to just compensation for taking of property. As a direct and proximate result of the acts of the Defendants, the Plaintiff suffered physical and mental injuries and is entitled to relief.

## NINTH CAUSE OF ACTION

### Intentional Infliction of Emotional Distress

110. Plaintiff realleges and incorporates herein by reference the allegations set forth in Paragraphs 1-109 of this complaint.

111. Plaintiff avers that the actions of the Defendants BUNCH, DUVALL, COUNTY OF LOS ANGELES, LASD, BACA,SQUIRE, NAGELMANN, MOLINA, RIDLEY-THOMAS, YAROSLAVSKY, KNABE, ANTONOVICH and DOES 1-10 breached a duty of care owed to the Plaintiff not to unlawfully arrest, bear false witness, or falsely imprison, cause physical harm or injury except to the extent allowed by the Constitution of the United States and the Constitution of California.

112. On 15 May 2011, Defendants BUNCH and DUVALL did intentionally inflict severe emotional distress on the Plaintiff. By joking while beating the Plaintiff, their intention was made clear. They were toying with their victim to torture him emotionally.

113. Plaintiff still suffers emotional distress from the incident that occurred over a year ago.

1   114.  All other named Defendants are so named for allowing and encouraging the

2   behavior through policy, management, supervision, training, etc. and failure to

3   prevent such preventable action by their policies, management, supervision,

4   training and the like.

5
6   115.  In committing the acts complained of herein, Defendants acted under color of

7   state law to deprive Plaintiff as alleged herein of certain constitutionally protected

8   rights including, but not limited to: a) the right to be free from unreasonable

9   searches and seizures; b) the right not to be deprived of liberty without due process

10  of law; c) the right not to be deprived of property without due process of law; d) the

11  right to be free from excessive use of force by persons acting under color of state

12
13  law; e) the right to be free from being subjected to cruel and unusual punishment;

14  and f) the right to just compensation for taking of property. As a direct and

15  proximate result of the acts of the Defendants, the Plaintiff suffered physical and

16  mental injuries and is entitled to relief.

17
                        **TENTH CAUSE OF ACTION**
18
                            **Gross Misconduct**
19
20  116.  Plaintiff realleges and incorporates herein by reference the allegations set

21  forth in Paragraphs 1-115 of this complaint.

22  117.  Plaintiff avers that the actions of the Defendants BUNCH, DUVALL,

23  COUNTY OF LOS ANGELES, LASD, BACA, SQUIRE, NAGELMANN,

24  MOLINA, RIDLEY-THOMAS, YAROSLAVSKY, KNABE, ANTONOVICH and
25
26  DOES 1-10 breached a duty of care owed to the Plaintiff not to unlawfully arrest,

27  bear false witness, or falsely imprison, cause physical harm or injury except to the

28

extent allowed by the Constitution of the United States and the Constitution of California.

118. Defendants BUNCH and DUVALL did unlawfully arrest, bear false witness, falsely imprison, and cause physical harm and injury to the Plaintiff, and the matter is of public record.

119. The actions of Defendants BUNCH and DUVALL On 15 May 2011 constitute gross misconduct.

120. All other named Defendants are so named for allowing and encouraging the conduct through policy, management, supervision, training, etc. and failure to prevent such preventable action by their policies, management, supervision, training and the like.

121. In committing the acts complained of herein, Defendants acted under color of state law to deprive Plaintiff as alleged herein of certain constitutionally protected rights including, but not limited to: a) the right to be free from unreasonable searches and seizures; b) the right not to be deprived of liberty without due process of law; c) the right not to be deprived of property without due process of law; d) the right to be free from excessive use of force by persons acting under color of state law; e) the right to be free from being subjected to cruel and unusual punishment; and f) the right to just compensation for taking of property. As a direct and proximate result of the acts of the Defendants, the Plaintiff suffered physical and mental injuries and is entitled to relief.

## ELEVENTH CAUSE OF ACTION

### Abuse of Process

**Against all Defendants**

122.  Plaintiff realleges and incorporates herein by reference the allegations set forth in Paragraphs 1-121 of this complaint.

123.  Plaintiff avers that the actions of the Defendants breached a duty of care owed to the Plaintiff not to unlawfully arrest, bear false witness, or falsely imprison, cause physical harm or injury except to the extent allowed by the Constitution of the United States and the Constitution of California.

124.  On 18 May 2011, The Plaintiff was released without charge after 3 days in jail, without being brought before a magistrate. The LASD stated on the release by TAYLOR that the Plaintiff was not "arrested" but merely detained. While there is serious question of whether such detainment procedure holds up to constitutional scrutiny, as said procedure raises significant personal liberty issues, the procedure itself admits a lack of crime committed by the Plaintiff based on all evidence acquired by LASD.

125.  Then on 3 July 2011, the Plaintiff was arrested at the Malibu Sheriff's Station when he arrived at a scheduled appointment to retrieve his property.

126.  A warrant was alleged, but never shown. The charges consisted of assault on an officer and possession of a controlled substance with intent to sell.

127.  Plaintiff is now being prosecuted for these alleged, fraudulent charges.

128.  In committing the acts complained of herein, Defendants acted under color of state law to deprive Plaintiff as alleged herein of certain constitutionally protected rights including, but not limited to: a) the right to be free from unreasonable searches and seizures; b) the right not to be deprived of liberty without due process

of law; c) the right not to be deprived of property without due process of law; d) the right to be free from excessive use of force by persons acting under color of state law; e) the right to be free from being subjected to cruel and unusual punishment; and f) the right to just compensation for taking of property. As a direct and proximate result of the acts of the Defendants, the Plaintiff suffered physical and mental injuries and is entitled to relief.

## TWELVETH CAUSE OF ACTION

### Conspiracy

### Against all Defendants

129.   Plaintiff realleges and incorporates herein by reference the allegations set forth in Paragraphs 1-128 of this complaint.

130.   Plaintiff avers that the actions of the Defendants breached a duty of care owed to the Plaintiff not to unlawfully arrest, bear false witness, or falsely imprison, cause physical harm or injury except to the extent allowed by the Constitution of the United States and the Constitution of California.

131.   The Defendants participated, and are still participating, in a common design through a concert of action to protect the LASD, BUNCH and DUVALL by making overtly false statements in incident reports, bearing false witness and pursuing a fraudulent prosecution against the Plaintiff.

132.   All Defendants are complicit with the fraud and are working in concert to mask the rights violations and the truth which exposes massive liability.

133.   In committing the acts complained of herein, Defendants acted under color of state law to deprive Plaintiff as alleged herein of certain constitutionally protected

rights including, but not limited to: a) the right to be free from unreasonable searches and seizures; b) the right not to be deprived of liberty without due process of law; c) the right not to be deprived of property without due process of law; d) the right to be free from excessive use of force by persons acting under color of state law; e) the right to be free from being subjected to cruel and unusual punishment; and f) the right to just compensation for taking of property. As a direct and proximate result of the acts of the Defendants, the Plaintiff suffered physical and mental injuries and is entitled to relief.

## THIRTEENTH CAUSE OF ACTION

### Unlawful Search of Private Property

134.  Plaintiff realleges and incorporates herein by reference the allegations set forth in Paragraphs 1-133 of this complaint.

135.  Plaintiff avers that the actions of the Defendants BUNCH, DUVALL, COUNTY OF LOS ANGELES, LASD, BACA, SQUIRE, NAGELMANN, MOLINA, RIDLEY-THOMAS, YAROSLAVSKY, KNABE, ANTONOVICH and DOES 1-10 breached a duty of care owed to the Plaintiff not to unlawfully search his person nor personal effects, nor seize any such property except to the extent allowed by the Constitution of the United States and the Constitution of California.

136.  One or both, DUVALL and/or BUNCH searched Plaintiff's person and private property, without consent and without probable cause of any felonious activity by the Plaintiff.

137.  All other named Defendants are so named for allowing and encouraging the act through policy, management, supervision, training, etc. and failure to prevent

1  such preventable action by their policies, management, supervision, training and

2  the like.

3  138.  In committing the acts complained of herein, Defendants acted under color of

4  state law to deprive Plaintiff as alleged herein of certain constitutionally protected

5  rights including, but not limited to: a) the right to be free from unreasonable

6  
7  searches and seizures; b) the right not to be deprived of liberty without due process

8  of law; c) the right not to be deprived of property without due process of law; d) the

9  right to be free from excessive use of force by persons acting under color of state

10  law; e) the right to be free from being subjected to cruel and unusual punishment;

11  
12  and f) the right to just compensation for taking of property. As a direct and

proximate result of the acts of the Defendants, the Plaintiff suffered physical and

13  
14  mental injuries and is entitled to relief.

15  **FOURTEENTH CAUSE OF ACTION**

16  **Unlawful Seizure of Private Property**

17  139.  Plaintiff realleges and incorporates herein by reference the allegations set

18  
19  forth in Paragraphs 1-138 of this complaint.

20  140.  Plaintiff avers that the actions of the Defendants BUNCH, DUVALL,

21  TAYLOR, COUNTY OF LOS ANGELES, LASD, BACA, SQUIRE,

22  NAGELMANN, MOLINA, RIDLEY-THOMAS, YAROSLAVSKY, KNABE,

23  ANTONOVICH and DOES 1-10 breached a duty of care owed to the Plaintiff not

24  
25  to unlawfully search his person nor personal effects, nor seize any such property

26  except to the extent allowed by the Constitution of the United States and the

27  Constitution of California.

28

1  141.  One or both, DUVALL and/or BUNCH seized Plaintiff's person and private

2  property, without consent and without probable cause of any felonious activity by

3  the Plaintiff.

4  142.  Upon Plaintiff's release from county jail on 18 May, 2011, TAYLOR refused

5  to return Plaintiff's property.

6
7  143.  All other named Defendants are so named for allowing and encouraging the

8  action through policy, management, supervision, training, etc. and failure to

9  prevent such preventable action by their policies, management, supervision,

10  training and the like.

11  144.  In committing the acts complained of herein, Defendants acted under color of

12  state law to deprive Plaintiff as alleged herein of certain constitutionally protected
13
14  rights including, but not limited to: a) the right to be free from unreasonable

15  searches and seizures; b) the right not to be deprived of liberty without due process

16  of law; c) the right not to be deprived of property without due process of law; d) the

17  right to be free from excessive use of force by persons acting under color of state
18
19  law; e) the right to be free from being subjected to cruel and unusual punishment;

20  and f) the right to just compensation for taking of property. As a direct and

21  proximate result of the acts of the Defendants, the Plaintiff suffered physical and

22  mental injuries and is entitled to relief.

23                    **FIFTEENTH CAUSE OF ACTION**

24                              **Fraud**

25  145.  Plaintiff realleges and incorporates herein by reference the allegations set
26
27  forth in Paragraphs 1-144 of this complaint.

28

146.   Plaintiff avers that the actions of the Defendants breached a duty of care owed to the Plaintiff not to unlawfully arrest, bear false witness, or falsely imprison, cause physical harm or injury except to the extent allowed by the Constitution of the United States and the Constitution of California.

147.   The Defendants BUNCH and DUVALL participated in a common design through a concert of action to protect themselves by making overtly false statements in their reports regarding the circumstances surrounding the aforementioned incident, bearing false witness and pursuing a fraudulent prosecution against the Plaintiff.

148.   All other Defendants are complicit with the fraud and are working in concert to mask the rights violations and the truth which exposes massive liability.

149.   In committing the acts complained of herein, Defendants acted under color of state law to deprive Plaintiff as alleged herein of certain constitutionally protected rights including, but not limited to: a) the right to be free from unreasonable searches and seizures; b) the right not to be deprived of liberty without due process of law; c) the right not to be deprived of property without due process of law; d) the right to be free from excessive use of force by persons acting under color of state law; e) the right to be free from being subjected to cruel and unusual punishment; and f) the right to just compensation for taking of property. As a direct and proximate result of the acts of the Defendants, the Plaintiff suffered physical and mental injuries and is entitled to relief.

## SIXTEENTH CAUSE OF ACTION

### Defamation

150.  Plaintiff realleges and incorporates herein by reference the allegations set forth in Paragraphs 1-149 of this complaint.

151.  Plaintiff avers that the actions of the Defendants breached a duty of care owed to the Plaintiff not to unlawfully arrest, bear false witness, or falsely imprison, cause physical harm or injury except to the extent allowed by the Constitution of the United States and the Constitution of California.

152.  The Defendants BUNCH and DUVALL participated in a common design through a concert of action to protect themselves by making overtly false statements in their reports regarding the circumstances surrounding the aforementioned incident, bearing false witness and pursuing a fraudulent prosecution against the Plaintiff thereby defaming the Plaintiff.

153.  All other Defendants are complicit with the fraud and are working in concert to mask the rights violations and the truth which exposes massive liability.

154.  In committing the acts complained of herein, Defendants acted under color of state law to deprive Plaintiff as alleged herein of certain constitutionally protected rights including, but not limited to: a) the right to be free from unreasonable searches and seizures; b) the right not to be deprived of liberty without due process of law; c) the right not to be deprived of property without due process of law; d) the right to be free from excessive use of force by persons acting under color of state law; e) the right to be free from being subjected to cruel and unusual punishment; and f) the right to just compensation for taking of property. As a direct and proximate result of the acts of the Defendants, the Plaintiff suffered physical and mental injuries and is entitled to relief.

## SEVENTEENTH CAUSE OF ACTION

### Invasion of Privacy

155. Plaintiff realleges and incorporates herein by reference the allegations set forth in Paragraphs 1-154 of this complaint.

156. Plaintiff avers that the actions of the Defendants BUNCH, DUVALL, TAYLOR, COUNTY OF LOS ANGELES, LASD, BACA, SQUIRE, NAGELMANN, MOLINA, RIDLEY-THOMAS, YAROSLAVSKY, KNABE, ANTONOVICH and DOES 1-10 intentionally breached a duty of care owed to the Plaintiff not to invade the Plaintiff's privacy except to the extent allowed by the Constitution of the United States and the Constitution of California.

157. One or both, DUVALL and/or BUNCH searched and seized Plaintiff's person and private property, without consent and without probable cause of any felonious activity by the Plaintiff.

158. All other named Defendants are so named for allowing and encouraging the excessive use of force through policy, management, supervision, training, etc. and failure to prevent such preventable action by their policies, management, supervision, training and the like.

159. In committing the acts complained of herein, Defendants acted under color of state law to deprive Plaintiff as alleged herein of certain constitutionally protected rights including, but not limited to: a) the right to be free from unreasonable searches and seizures; b) the right not to be deprived of liberty without due process of law; c) the right not to be deprived of property without due process of law; d) the

1  right to be free from excessive use of force by persons acting under color of state

2  law; e) the right to be free from being subjected to cruel and unusual punishment;

3  and f) the right to just compensation for taking of property. As a direct and

4  proximate result of the acts of the Defendants, the Plaintiff suffered physical and

5  mental injuries and is entitled to relief.

6

7

8  **EIGHTEENTH CAUSE OF ACTION**

9  **Negligence**

10  160. Plaintiff realleges and incorporates herein by reference the allegations set

11  forth in Paragraphs 1-159 of this complaint.

12  161. Plaintiff avers that the actions of the Defendants COUNTY OF LOS

13  ANGELES, LASD, BACA, SQUIRE, NAGELMANN, MOLINA, RIDLEY-

14  THOMAS, YAROSLAVSKY, KNABE, ANTONOVICH and DOES 1-10

15

16  breached a duty of care owed to the Plaintiff that the officers sworn to protect and

17  defend the rights of the people would be properly trained and prepared to uphold

18  their oath of office.

19

20  162. The failure of the COUNTY OF LOS ANGELES, LASD, BACA, SQUIRE,

21  and NAGELMANN to adequately train and supervise their officers amounts to

22  deliberate indifference to the rights of the Defendant to be free from deprivation of

23  liberty, excessive force and unreasonable seizures under the Fourth, Fifth, and

24  Fourteenth Amendments to the Constitution of the United States

25

26  163. All other named Defendants are so named for allowing and encouraging the

27  negligence through policy, management, supervision, training, etc. and failure to

28

1   prevent such preventable action by their policies, management, supervision,

2   training and the like.

3   164.  In committing the acts complained of herein, Defendants acted under color of

4   state law to deprive Plaintiff as alleged herein of certain constitutionally protected

5   rights including, but not limited to: a) the right to be free from unreasonable

6

7   searches and seizures; b) the right not to be deprived of liberty without due process

8   of law; c) the right not to be deprived of property without due process of law; d) the

9   right to be free from excessive use of force by persons acting under color of state

10  law; e) the right to be free from being subjected to cruel and unusual punishment;

11  and f) the right to just compensation for taking of property. As a direct and

12

13  proximate result of the acts of the Defendants, the Plaintiff suffered physical and

14  mental injuries and is entitled to relief.

15  ## NINETEENTH CAUSE OF ACTION

16  ### Negligent Supervision

17  165.  Plaintiff realleges and incorporates herein by reference the allegations set

18  forth in Paragraphs 1-164 of this complaint.

19
20  166.  Plaintiff avers that the actions of the Defendants COUNTY OF LOS

21  ANGELES, LASD, BACA, SQUIRE, NAGELMANN, MOLINA, RIDLEY-

22  THOMAS, YAROSLAVSKY, KNABE, ANTONOVICH and DOES 1-10

23  breached a duty of care owed to the Plaintiff that the officers sworn to protect and

24  defend the rights of the people would be properly trained and prepared to uphold

25  their oath of office.

26

27

28

167.  The failure of the COUNTY OF LOS ANGELES, LASD, BACA, SQUIRE, and NAGELMANN to adequately train and supervise their officers amounts to deliberate indifference to the rights of the Defendant to be free from deprivation of personal liberty, excessive force and unreasonable seizures under the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States.

168.  All other named Defendants are so named for allowing and encouraging the negligence through policy, management, supervision, training, etc. and failure to prevent such preventable action by their policies, management, supervision, training and the like.

169.  In committing the acts complained of herein, Defendants acted under color of state law to deprive Plaintiff as alleged herein of certain constitutionally protected rights including, but not limited to: a) the right to be free from unreasonable searches and seizures; b) the right not to be deprived of liberty without due process of law; c) the right not to be deprived of property without due process of law; d) the right to be free from excessive use of force by persons acting under color of state law; e) the right to be free from being subjected to cruel and unusual punishment; and f) the right to just compensation for taking of property. As a direct and proximate result of the acts of the Defendants, the Plaintiff suffered physical and mental injuries and is entitled to relief.

## TWENTIETH CAUSE OF ACTION

### Conversion

170.  Plaintiff realleges and incorporates herein by reference the allegations set forth in Paragraphs 1-169 of this complaint.

171. Plaintiff avers that the actions of the Defendants BUNCH, DUVALL, TAYLOR, ROYAL, SOLOMON, COUNTY OF LOS ANGELES, LASD, BACA, SQUIRE, NAGELMANN, MOLINA, RIDLEY-THOMAS, YAROSLAVSKY, KNABE, ANTONOVICH and DOES 1-10 intentionally and recklessly breached a duty of care owed to the Plaintiff in the exercise of dominion or control over the Plaintiff and the Plaintiff's property.

172. The manner in which Defendants, specifically BUNCH and DUVALL, exercised such dominion or control was both inconsistent with, and seriously interfered with, Plaintiff's rights as endowed by his creator and as a property owner to enjoy and/or control his personal property.

173. All other named Defendants are so named for allowing and encouraging the conversion through policy, management, supervision, training, etc. and failure to prevent such preventable action by their policies, management, supervision, training and the like.

174. In committing the acts complained of herein, Defendants acted under color of state law to deprive Plaintiff as alleged herein of certain constitutionally protected rights including, but not limited to: a) the right to be free from unreasonable searches and seizures; b) the right not to be deprived of liberty without due process of law; c) the right not to be deprived of property without due process of law; d) the right to be free from excessive use of force by persons acting under color of state law; e) the right to be free from being subjected to cruel and unusual punishment; and f) the right to just compensation for taking of property. As a direct and

proximate result of the acts of the Defendants, the Plaintiff suffered physical and

mental injuries and is entitled to relief.

## TWENTY-FIRST CAUSE OF ACTION

### Failure to Implement Appropriate Policies, Customs and Practices

175.  Plaintiff realleges and incorporates herein by reference the allegations set

forth in Paragraphs 1-174 of this complaint.

176.  Plaintiff avers that the actions of the Defendants COUNTY OF LOS

ANGELES, LASD, BACA, SQUIRE, NAGELMANN, MOLINA, RIDLEY-

THOMAS, YAROSLAVSKY, KNABE, ANTONOVICH and DOES 1-10

intentionally or negligently and recklessly breached a duty of care owed to the

Plaintiff, by implicitly or explicitly adopting and implementing policies that are in

direct conflict with the United States Constitution and The California Constitution.

177.  In committing the acts complained of herein, Defendants acted under color of

state law to deprive Plaintiff as alleged herein of certain constitutionally protected

rights including, but not limited to: a) the right to be free from unreasonable

searches and seizures; b) the right not to be deprived of liberty without due process

of law; c) the right not to be deprived of property without due process of law; d) the

right to be free from excessive use of force by persons acting under color of state

law; e) the right to be free from being subjected to cruel and unusual punishment;

and f) the right to just compensation for taking of property. As a direct and

proximate result of the acts of the Defendants, the Plaintiff suffered physical and

mental injuries and is entitled to relief.

## TWENTY-SECOND CAUSE OF ACTION

COMPLAINT

## Infliction of Cruel and Unusual Punishment

## Against all Defendants

178.  Plaintiff realleges and incorporates herein by reference the allegations set forth in Paragraphs 1-177 of this complaint.

179.  Plaintiff avers that the actions of the Defendants breached a duty of care owed to the Plaintiff not to unlawfully arrest, bear false witness, or falsely imprison, cause physical harm or injury except to the extent allowed by the Constitution of the United States and the Constitution of California.

180.  The Defendants participated, and are still participating, in a common design through a concert of action that inflicts cruel and unusual punishment against the Plaintiff, beginning with the assault and leading through a long list of abuses and punishments to the jail time Plaintiff is facing for Defendants' prosecution by abuse of process.

181.  In committing the acts complained of herein, Defendants acted under color of state law to deprive Plaintiff as alleged herein of certain constitutionally protected rights including, but not limited to: a) the right to be free from unreasonable searches and seizures; b) the right not to be deprived of liberty without due process of law; c) the right not to be deprived of property without due process of law; d) the right to be free from excessive use of force by persons acting under color of state law; e) the right to be free from being subjected to cruel and unusual punishment; and f) the right to just compensation for taking of property. As a direct and proximate result of the acts of the Defendants, the Plaintiff suffered physical and mental injuries and is entitled to relief.

# SUMMARY

182. This is an example of repugnant overreach of police power, brutality, and conspiracy to obfuscate and cover up the facts by abuse of process. This case illustrates the callousness and disrespect the COUNTY OF LOS ANGELES, certain members of LASD and the D.A.'S OFFICE have for the rule of law and the rights and safety of those they are sworn to protect. The Plaintiff suffered physical injuries from electric shock by both taser and stun gun, bruising from baton beatings and bleeding from the eyes as a result of mace and/or pepper spray. The Plaintiff also suffers from, *inter alia*, emotional distress, anxiety, depression, fear, anger and confusion from being accosted and beaten by police with no regard for his rights or welfare, inflicting cruel and unusual punishment on a man who has not only not committed a crime but has never been aggressive toward anyone. Plaintiff feared for his life, is still afraid for his life when he sees police and has exhibited signs of PTSD stemming from this event. Most importantly, the Plaintiff suffered grievous violations of his rights. These rights--including personal liberty, the right to due process of law, the right to be secure in one's person, and the right to be free from subjection to cruel and unusual punishments--are held inalienable under the Organic Laws, including the United States Constitution, and they are the very foundation of the protection of the freedom of every American. With them we are free. Without them we are enslaved subjects of a hostile regime that conspires to protect itself at the expense of the people and freedom.

183. The long list of injustices carried out by the Defendants under color of law and in conspiratorial fashion paints a picture of a hostile and brutal police force that

is not operating with the presumption of innocence nor any regard for the rule of law or their oath of office. This is not an isolated incident of poor judgment, but a string of intentional wrongs against Plaintiff that demonstrate a systemic problem of an increasingly tolerated, if not encouraged, hostile police state, a mob rule with the Los Angeles Sheriffs as henchmen. The Plaintiff is a peaceful, spiritual, law-abiding man with no prior conviction record who had committed no offense. He was merely a guest in the back seat of another man's car that was pulled over for no apparent reason and for which no citation was issued. Yet he was treated like a prisoner of war in a corrupt third world country. He was attacked and falsely imprisoned, then freed without charges, and without his property. Months later, Defendants fabricated charges to protect themselves from due liability for the violations of human rights that were committed, adding insult and possible jail time to injury. Plaintiff is now facing felony charges stemming from the cover story invented and prosecuted by the Defendants. Everything following from the original incident of arrest is an unlawful violation of rights, abuse of process, fruit of a poisonous tree and conspiracy to avoid just liability for the actions of LASD deputies on 15 May, 2011.

184.   It is absolutely imperative that the each and every Defendant change their future policies and behavior, and judgment must therefore be for an amount sufficiently punitive to give rise to substantial reformation of the LASD, lest the Sheriffs be permitted to act above the law and against the people they are sworn to serve and protect. There is no excuse for the blatant disregard for human rights exhibited and/or tolerated by all Defendants. Either this country is a bastion of

human rights, or the Constitution and its guarantees are a sham and a front for an encroaching police state working for a de facto government seeking military control over our people, our rights and our freedom.

185.  If we have learned anything from history, we have learned that tyranny arrives in uniform.

186.  Demand is made for a jury trial.


**WHEREFORE** Plaintiff prays for judgment as follows:

187.  For judgment in favor of the Plaintiff.

188.  That damages be awarded in the amount of $2,500.00 for loss of work expenses;

189.  For the immediate return of the Plaintiff's private property;

190.  For a declaration on the facts of the case and the rights, duties and interests of the parties, and, in particular, that Defendants are enjoined from prosecuting Plaintiff in California Superior Court case number SA077720 or making any further claims adverse to Plaintiff regarding these matters, by legal action or otherwise;

191.  That damages be awarded in the amount of $1,500,000.00 for physical injuries, emotional distress, anxiety, pain, humiliation and suffering;

192.  That damages and attorney's fees of no less than $8,900,000.00 be awarded for direct violations of Plaintiff's inalienable rights. This is not an arbitrary amount, but the amount the City of Los Angeles paid for LAPD rights violations in the Rodney King case ($5,500,000.00, including attorney's fees, adjusted for inflation),

1 large enough to affect the future behavior of the Defendants with respect to the

2 offices they hold and the people they are sworn to protect. This amount proved

3 effective in cleaning up the behavior of the LAPD after the Rodney King rights

4 violations. Let's hope this amount is sufficient to do likewise within the COUNTY

5 OF LOS ANGELES and the LASD;

6

7 193.  For costs of suit; and

8 194.  For such other and further relief as it may appear just and the Plaintiff is

9 entitled.

10

11      IN WITNESS WHEREOF, Plaintiff affirms and verifies under penalty of

12 perjury under the laws of the United States of America that all the statements made

13

14 above are true, correct, complete and not misleading.

15      Executed this sixth day of February in the year of our Lord two thousand

16 thirteen, and of the Independence of the People of the United States of America the

17 two hundred and thirty seventh.

18

19                                        2-07-2013

20 Alexander Vago, Plaintiff
   By:  Alexander Vago
21 ALL RIGHTS RESERVED.

22

23

24

25

26

27

28

**COMPLAINT**
44

**JURAT**

1

2

3  State of California        )
                             ) ss:
4  County of Los Angeles     )

5

6

7

8

9  Subscribed and sworn to (or affirmed) before me on this $7th$ day of

10  FEBRUARY     , 2013 by  ALEXANDER VAGO      ,

11  proved to me on the basis of satisfactory evidence to be the person who appeared

12  before me.

13

14            (seal)

15                                    Notary Public Signature

16

17            SANG JONG KIM
              Commission # 1860155
18            Notary Public - California
              Los Angeles County
19            My Comm. Expires Sep 1, 2013

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Ronald S. W. Lew and the assigned discovery Magistrate Judge is Ralph Zarefsky.

The case number on all documents filed with the Court should read as follows:

## CV13- 868 RSWL (RZx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================================

## NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[✗] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)       NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)

*Alexander Vago*

**DEFENDANTS**

COUNTY OF LOS ANGELES Et al:

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

N/A

Attorneys (If Known)

---

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

---

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No    ☒ MONEY DEMANDED IN COMPLAINT: $ 10,402,500.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

U.S. Constitution, for rights violations.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | IMMIGRATION | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☒ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

---

**FOR OFFICE USE ONLY:**   Case Number:   CV 13 - 0868

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                              ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                              ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                              ☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☒ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date 2-6-2013

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |